Juan Carlos RUIZ, Appellant,

v.

STATE of Texas, Appellee.

No. 04–93–00627–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1994.

Discretionary Review Refused
April 19, 1995.

Oscar J. Pena, Sr., Laredo, for appellant.

Monica Z. Notzon, Asst. Dist. Atty., Laredo, for appellee.

Before BUTTS, LOPEZ and HARDBERGER, JJ.

HARDBERGER, Justice.

Appellant was convicted of the offense of aggravated sexual assault of a child by a jury. The court assessed punishment at twenty-five (25) years imprisonment. Appellant appeals the conviction. We affirm.

## Sufficiency of the Evidence

In his first point of error, Appellant alleges that there is insufficient evidence to support the conviction. When reviewing a challenge to the legal sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). It is not this court's function to weigh the evidence or to judge the credibility of the witnesses. The jury, as the trier of fact, resolves any conflicts in the evidence, evaluates the credibility of the witnesses, and determines the weight to be given to any particular evidence. *Sharp v. State,* 707 S.W.2d 611 (Tex.Crim.App.1986), *cert. denied* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The testimony of a victim standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault. *Gonzalez v. State,* 647 S.W.2d 369 (Tex.App.—Corpus Christi 1983, pet. ref'd); *Martinez v. State,* 662 S.W.2d 393 (Tex.App.—Corpus Christi 1983); *Hellums v. State,* 831 S.W.2d 545 (Tex.App.—Austin 1992); *Villalon v. State,* 791 S.W.2d 130 (Tex.Crim.App. 1990).

The victim testified as to the events made the basis of the indictment. She testified that her brother-in-law took her to his bed, took his clothes off and told the child to do the same. He then laid on top of her and penetrated her sexual organ. The State also presented the testimony of an outcry witness, the child's mother, which corroborated the victim's account of the sexual assault. A videotaped interview between the victim and a child protective specialist was admitted into the evidence. The videotape showed the child acting out with dolls the sexual assault. There was also testimony from a physician that the results of his examination of the victim were consistent with sexual abuse. A counselor who treated the victim testified that the child's behavior was consistent with other child abuse victims. The State introduced a large diagram depicting "stick figures" having sexual relations which were drawn by the child during her treatment sessions with the counselor. These were admitted into evidence without objection.

In this case, we find that a rational trier of fact could have found guilt beyond a reasonable doubt. We overrule appellant's first point of error.

## Expert Testimony

In his second point of error, appellant argues that his right to due process and a fair trial under the United States and Texas Constitutions was violated because his conviction was based on hearsay from "so called experts" that gave their opinion concerning the credibility of the alleged victim. Appellant's basic argument is that the State's expert testimony was really nothing more than reciting what the victim had told them and then adding their opinion as to her truthfulness. Appellant claims that this type of expert testimony is in violation of *Yount v. State,* 872 S.W.2d 706 (Tex.Crim.App.1993).

Expert testimony that a particular witness is truthful is inadmissible. *Yount,* 872 S.W.2d at 711. Furthermore, expert testimony that a class of persons is truthful is not permitted. *Id.* at 712. In the present case there is no evidence that either of the State's expert witnesses testified that the victim was truthful or that child sex abuse

victims as a class are truthful. The record shows that the expert witnesses related what the victim told them about the abuse. The experts also testified that the victim's physical condition was consistent with abuse. None of the experts testified that the victim was abused or that she was telling the truth. Appellant's second point of error is overruled.

## Prosecutorial Misconduct

■ Appellant alleges he was denied due process under the Fifth Amendment to the United States Constitution, the right to a fair trial under the Sixth Amendment, and the right to due course of law under Article I, Section 19 of the Texas Constitution. Appellant also claims there was prosecutorial misconduct during the trial due to several arguments made by the prosecutor.[1] Appellant complains about three areas of alleged prosecutorial misconduct: (1) questions by the prosecutor framed in such a way that appellant's guilt was assumed; (2) the prosecutor vouched for the credibility of the victim in her opening statement to the jury; (3) during closing argument the prosecutor vouched for the credibility of her witnesses and misled the jury into thinking appellant had the burden to prove his innocence.

■ Concerning the first alleged instance of prosecutorial misconduct, appellant's counsel failed to object to the prosecutor's questions as assuming appellant's guilt. Absent a timely objection the complaint is not preserved for appellate review. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim.App. 1985).

■ Next, appellant complains of the prosecutor's opening statement claiming that she vouched for the credibility of the victim. The prosecutor premised her opening statement by saying that the child was there to tell the truth about what happened to her. Appellant's counsel objected and the court instructed the jury that opening statement is not testimony. Having reviewed the record, we are unable to conclude that the remarks

in question were so prejudicial as to deny appellant a fair trial. Any error that may have remained after the trial court's instruction for the jury to disregard was harmless. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Crim. App.1979); *Sweaney v. State*, 632 S.W.2d 932, 935 (Tex.App.—Ft. Worth 1982, pet. ref'd).

■ Finally, appellant complains of comments made by the prosecutor in closing arguments. Within the area of proper jury argument are: (1) summation of the evidence; (2) any reasonable deduction from the evidence; (3) answers to opposing counsel's arguments; and (4) pleas for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). We have reviewed the record and have found no evidence of erroneous arguments. All of the State's arguments which appellant complains about were either reasonable deductions from the evidence or answers to opposing counsel's arguments. Furthermore, appellant failed to object to most of the arguments that he is now complaining about. Appellant must object at trial in order to preserve error for review. *See* TEX.R.APP.P. 52.

Appellant's third point of error is overruled.

## Effective Assistance of Counsel

In his fourth point of error, appellant claims that he was deprived of the effective assistance of counsel. However, the entire argument following the fourth point of error concerns the trial court's rulings in denying appellant the right of cross-examination.

Ineffective assistance of counsel claims involve errors by counsel in handling the defense of the criminally accused. These errors are reviewed under the traditional standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in this case appellant is not complaining about the manner in which counsel handled the defense, but is really arguing that the trial court, by limiting coun-

---

1. Appellant presents a multifarious point of error. When more than one legal theory is presented in a single ground of error, appellant risks rejection on the ground that nothing is preserved for review. *Thomas v. State*, 723 S.W.2d 696, 697 n. 2 (Tex.Crim.App.1986). In this case, appellant's complaints are sufficiently clear for this court to address.

sel's cross-examination, denied appellant the effective assistance of his counsel. Therefore, instead of applying the *Strickland* test, we look to the actual rulings to see if they constituted reversible error.

The extent to which a witness may be cross examined for purposes of showing bias on a collateral matter is within the discretion of the trial judge. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *Carrillo v. State*, 591 S.W.2d 876 (Tex.Crim.App.1979). Additionally, the trial judge must balance the probative value of the evidence sought to be introduced against the risks its admission may entail. *Hodge v. State*, 631 S.W.2d 754 (Tex. Crim.App.1982). The potential risks include the possibility of undue prejudice, embarrassment, or harassment to either a witness or a party, the possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time. *Id.*

The witness in question gave outcry testimony concerning the aggravated sexual assault of her nine-year old daughter. Her testimony covered her daughter's conduct and verbal account of the assault the day after it occurred. Appellant sought to question the witness about her birthplace, parents, nationality, date of birth, social security and birth certificates. Appellant framed his questions to ask her if in fact she had a false birth certificate and fictitious name. To allow such cross-examination would have been highly prejudicial. Further, appellant failed to show how this resulted in bias by not allowing this line of questioning. In Texas, a witness may not be impeached with specific instances of bad conduct not resulting in conviction. *See* Tex.R.Crim.Evid. 608(b).

Appellant's fourth point of error is overruled.

### Evidence of Extraneous Offense

In his fifth point of error appellant complains that the trial court should have granted a mistrial after a prosecution witness testified about an extraneous offense. While appellant's counsel was cross-examining the victim's mother, she gave a non-responsive answer to the effect that appellant sold marijuana. Appellant's counsel objected and requested that the court instruct the jury to disregard the remark and asked for a mistrial. The trial court sustained the objection and instructed the jury to disregard the remark but denied the motion for mistrial.

The general rule is that it is error to admit evidence of another offense when defendant is not shown to be guilty of the offense. *Tippins v. State*, 530 S.W.2d 110, 111 (Tex.Crim.App.1975); *Hobbs v. State*, 650 S.W.2d 449, 451 (Tex.App.—Houston [14th Dist.] 1982). Additionally, error in admitting improper evidence may be corrected by withdrawal and instruction to the jury to disregard the evidence. *Hobbs*, 650 S.W.2d at 451. There is an exception to the general rule which arises where it appears that the improperly admitted evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Id.*

We conclude that the evidence of appellant's alleged sale of marijuana was corrected by withdrawal and instruction to the jury to disregard. *Davis v. State*, 642 S.W.2d 510, 512 (Tex.Crim.App.1982); *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Crim.App.1979). Appellant cites *Ecby v. State*, 840 S.W.2d 761 (Tex.App.—Houston [1st Dist.] 1992); *Hines v. State*, 571 S.W.2d 322 (Tex.Crim.App. 1978); *Crawford v. State*, 603 S.W.2d 874 (Tex.Crim.App.1980); and *Cavender v. State*, 547 S.W.2d 601 (Tex.Crim.App.1977), as supporting his position that a new trial should be granted. All of those cases are distinguishable because they deal with a prosecutor actively involved in soliciting or introducing evidence of extraneous offenses. In this case the witness injected the evidence by way of a non-responsive answer. The non-responsive answer went unembellished and the witness gave a responsive answer when instructed to do so by the court.

In a similar case, the Court of Criminal Appeals held that a witness' statement that "the defendant had been in the penitentiary," although undoubtedly inadmissible, irrelevant and prejudicial was not so inflammatory

as to undermine the efficacy of the trial court's instruction to disregard it. *Gardner v. State,* 730 S.W.2d 675, 696–97 (Tex.Crim. App.1987).

We overrule appellant's fifth point of error.

We affirm the judgment.