No. 04-01-00336-CR



Juan ALBARADO,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-5339


Honorable James E. Barlow, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: June 12, 2002 


AFFIRMED

 Juan Albarado ("Albarado") appeals his conviction for aggravated sexual assault. In two
points of error, Albarado argues: (1) the evidence is legally insufficient to prove the manner and
means of the commission of the offense; and (2) the evidence is factually insufficient to prove his
guilt. We affirm the trial court's judgment.




Factual Background


 Albarado was living with his sister, Sandra Esquivel ("Esquivel"), and her four children in an
apartment. Among those children was the victim, eleven year old B.A. On or about the evening of
May 31, 1998, B.A. fell asleep on the living room floor while watching television. Later that night,
B.A. was awakened when his uncle, Albarado, entered the apartment. When B.A. realized who it
was, he turned back over on his side and pretended to be asleep.

 B.A. testified that Albarado laid down beside him on the floor. B.A. testified that Albarado
began rubbing him on his chest, leg, and genitals. According to the testimony, Albarado then stuck
his finger in B.A.'s anus. B.A. testified that he pretended to be asleep throughout the entire assault
because he was scared of Albarado.

 Albarado was indicted for aggravated sexual assault and indecency contact. He was convicted
of aggravated sexual assault and sentenced to twenty-three years in prison.

Standard of Review


 In reviewing the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the prosecution to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979). "It is not the reviewing court's duty to disregard, realign or weigh evidence." Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc). "This the factfinder has already
done." Id. "Concrete application of the Jackson standard is made by resolving inconsistencies in the
testimony in favor of the verdict." Johnson v. State, 815 S.W.2d 707, 712 (Tex. Crim. App. 1991)
(en banc). 

 In conducting a factual sufficiency review, we must consider all of the evidence to determine
whether the judgment is "so contrary to the overwhelming weight of the evidence to be clearly wrong
and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (en banc). Under this
standard, "an appellate court reviews the factfinder's weighing of the evidence and is authorized to
disagree with the factfinder's determination." Id. at 133. "This review, however, must be
appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the
jury." Id.

Manner and Means


 In his first point of error, Albarado argues that the evidence is legally insufficient as to the
manner and means of his commission of aggravated sexual assault. In the indictment, the State
specifically alleged that Albarado committed the offense by penetrating the anus of the victim with
his finger. Albarado points to Esquivel's testimony that B.A. told her he did not know what Albarado
placed in his anus. This inconsistency, Albarado argues, makes the evidence as to manner and means
legally insufficient.

 Under the Texas Penal Code, a person commits the offense of aggravated sexual assault if the
person intentionally or knowingly "causes the penetration of the anus or female sexual organ of a
child by any means." Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (Vernon Supp. 2002). The State
was not required to specifically allege that Albarado used his finger to penetrate B.A.'s anus. See id.
"However, where the State chooses to include unnecessary descriptions of a material element of the
offense in the indictment, the State is bound to prove the description alleged." Pizzini v. State, 981
S.W.2d 367, 368 (Tex. App.-San Antonio 1998, pet. ref'd). "The testimony of a victim standing
alone, even when the victim is a child, is sufficient to support a conviction for sexual assault." Ruiz
v. State, 891 S.W.2d 302, 304 (Tex. App.-San Antonio 1994, pet. ref'd).

 We believe the evidence is legally sufficient to prove that Albarado penetrated B.A.'s anus
with his finger. Both on direct and cross-examination, B.A. testified that Albarado put his "finger in
my butt." B.A.'s testimony alone is enough to support the conviction. See id. Although Esquivel
did testify that B.A. originally told her he was not sure what Albarado used to penetrate his anus,
such testimony does not rise to a level that would prevent a rational trier of fact from finding the
essential elements of the crime. See Jackson, 443 U.S. at 319. We must resolve any inconsistencies
in the testimony in favor of the verdict. See Johnson, 815 S.W.2d at 712. Accordingly, we overrule
Albarado's first point of error.

Factual Sufficiency of Guilt


 In his second point of error, Albarado argues that the evidence of his guilt is factually
insufficient. He argues that B.A. was not a credible witness. Albarado contends that the evidence
shows that B.A. was assaulted by someone other than himself.

 After reviewing the entire record, we do not believe the judgment is "so contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust." See Clewis, 922 S.W.2d at
129. The only witnesses to testify at trial were B.A. and his mother, Esquivel. Again, B.A.'s
testimony alone is enough to support the conviction. See Ruiz, 891 S.W.2d at 304. The jury
obviously found B.A. to be a credible witness, and we find nothing in the record to indicate
otherwise. The evidence is factually sufficient to support Albarado's conviction. We overrule
Albarado's second point of error.


Conclusion


 The judgment of the trial court is affirmed. 

 

 Phil Hardberger, Chief Justice


DO NOT PUBLISH