MEMORANDUM OPINION


No. 04-03-00682-CR


Bartolo Perez INFANTE,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 218th Judicial District Court, Atascosa County, Texas 

Trial Court No. 02-09-0248-CRA

Honorable Donna Rayes, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 


Delivered and Filed: September 8, 2004


AFFIRMED



 A jury found defendant, Bartolo Infante, guilty of the felony offenses of aggravated sexual
assault and indecency with a child. The trial court assessed his punishment at sixty years' and twenty
years' confinement respectively. Defendant complains of his conviction in two issues on appeal. We
affirm. 

SUFFICIENCY OF THE EVIDENCE


 In his first issue on appeal, defendant contends that the evidence is insufficient to support his
conviction for aggravated sexual assault of a child. Defendant argues that Pamela Button's testimony
fails to corroborate the elements of the offense for aggravated sexual assault because it fails to
mention: (1) the date; (2) the penetration of M.F.I.'s female sexual organ; and (3) defendant's male
sexual organ. Although defendant does not specify whether he challenges the legal or factual
sufficiency of the evidence, he requests relief in the form of an acquittal. Therefore, we construe his
challenge as a legal sufficiency complaint. We review the legal sufficiency of the evidence under the
appropriate standard of review. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); see also Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). In addition, the
testimony of a sexual assault victim, by itself, is sufficient evidence of penetration to sustain a
conviction, even if that witness is a child. See Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon
Supp. 2004); Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.--San Antonio 1994, pet. ref'd).
Further, a victim's statement made to an outcry witness is, by itself, sufficient to support a conviction
for aggravated sexual assault. Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991);
Tear v. State, 74 S.W.3d 555, 560 (Tex. App.--Dallas 2002, pet. denied).

 A person commits aggravated sexual assault when he or she "intentionally or knowingly . .
. causes the penetration of the anus or sexual organ of a child by any means [or] causes the sexual
organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including
the actor . . . if the victim is younger than 14 years of age." Tex. Pen. Code Ann. §
22.021(a)(1)(B)(i), (iii) (Vernon Supp. 2004). 

 At trial, M.F.I. testified that defendant digitally penetrated her female sexual organ on a
number of occasions. She also testified that defendant "put his penis inside [her] vagina" on two
other instances. Button testified that M.F.I. informed her that "her father had touched her," and "that
there had been two other occasions where . . . he would ask her to get out and lay on a blanket and
remove her clothes and [have] intercourse with her." We conclude this evidence is legally sufficient
to support the jury's verdict. 

CHARGE ERROR

 In his second issue on appeal, defendant contends that because the term "female sexual organ"
is not defined by the Penal Code, the trial court erred by including the term in the jury charge and
such inclusion amounted to an impermissible comment on the weight of the evidence.

 Defendant argues that inclusion of the term "female sexual organ" within the jury charge is
unduly prejudicial because it is not defined by statute, and accordingly, a hypothetically correct jury
charge would not contain this term. Moreover, defendant contends that including this term in the jury
charge, when the State had not adequately proved all of the elements of aggravated sexual assault,
amounted to an inappropriate comment on the weight of the evidence. We disagree. Although
defendant is correct that the Penal Code does not define "female sexual organ," "terms not
legislatively defined are to be understood as ordinary usage allows, and jurors may give them any
meaning which is accepted in common parlance." Breckenridge v. State, 40 S.W.3d 118, 123 (Tex.
App.--San Antonio 2000, pet. ref'd). Further, provisions of the Penal Code are to "be construed
according to the fair import of their terms, to promote justice and effect the objectives of the code."
Tex. Pen. Code Ann. § 1.05. Accordingly, we conclude the trial court did not err by including the
term "female sexual organ" and such inclusion did not amount to a comment on the weight of the
evidence. CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH