Opinion issued January 27, 2005





     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00084-CR
NO. 01-04-00085-CR




PRESTON DEAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court 
Harris County, Texas
Trial Court Cause Nos. 935743 and 935744




MEMORANDUM OPINION

          Following a joint jury trial on two separate indictments, appellant, Preston
Dean, was convicted of two aggravated sexual assaults of J.D., the complainant, who
was younger than 14 years of age. The jury assessed punishment at 20 years’
confinement in each cause with the trial court ordering the sentences to run
cumulatively. Raising the same two issues in each appellate cause, appellant
contends that the evidence is legally and factually insufficient to support the
convictions. 
          We affirm.
Background
          At the time of the sexual assaults, the complainant was 11 years old and was
living in her grandparents’ home along with her sister, mother, and appellant, who is
the complainant’s half-brother. At trial, the complainant testified that the incident in
this case occurred one evening in July 2001. The complainant recounted that she was
watching a movie when appellant convinced her to come into his room. Once in the
room, appellant told the complainant to lie down on the bottom bunk of a bunk bed
and she complied. Appellant then lay down next to her. Appellant asked the
complainant, if he touched her, would she “tell.” The complainant testified that she
repeatedly said, “I don’t know,” but then, said “yes.” According to the complainant,
appellant then pulled her shorts down, performed oral sex on her, and then, after she
had pulled her shorts up, appellant put his finger into her vagina. The complainant
testified that she started to cry because it hurt and that she pushed appellant away. 
Appellant then placed the complainant’s hand on his penis and made her rub it up and
down. 
          The complainant testified that her grandmother and sister came into the room
and that her grandmother told the complainant to get up and go to her room. The
complainant did not tell anyone in the family about what had happened until a year
later when she wrote a letter from girl scout camp to her grandmother saying that
appellant had “raped” her.
          At trial, the complainant’s testimony was supported by the testimony of (1) a
forensic interviewer for the Children’s Assessment Center, (2) a pediatrician at the
center, (3) a therapist, who had met with the complainant, and (4) the director of
psychological services at the Children’s Assessment Center, who had not met the
complainant. The interviewer testified that she was the first person to obtain a
complete statement of events from the complainant. She related to the jury the
statements that the complainant had made regarding the incident. The statements
largely corroborated the complainant’s testimony at trial. 
          The pediatrician testified about the complainant’s medical examination
performed about a year-and-one-half after the incident. The examination revealed no
physical trauma, but the doctor testified that, under the circumstances, none would
be expected. The notes from the examination indicated that the complainant told the
examining doctor that “my brother molested me.” The complainant also told the
doctor that appellant kissed and stuck his finger in “my private” and had the
complainant lick his “privates.” 
          The therapist testified that the complainant’s account of the sexual assault 
contained sensory details—i.e., small details that someone who had not gone through
the experience would not know. She also testified that the complainant’s behavior
was consistent with that of a child who had been sexually abused. 
          The director at the Children’s Assessment Center testified about typical
reactions children have to sexual abuse. The director stated that, in more than half
of the cases involving sexual assault of a child, the victim waits a period of time
before disclosing the abuse.
          The grandfather and grandmother testified for the defense. According to the
grandfather, he had moved the bunk beds out of appellant’s room prior to the alleged
sexual assault. Specifically, he testified that he had moved the beds no later than the
second week in June. The grandfather also testified that the complainant and
appellant continued to spend a lot of time together after the alleged incident, that the
complainant had not shown any changes in personality, and that the complainant had
a “bad reputation for truth and veracity.” 
          The grandmother testified that the complainant sent her a letter from camp in
the summer of 2002, which alleged that appellant “raped me when the bunk beds were
in his room.” Like the grandfather, the grandmother also testified that the bunk beds
had been moved out of appellant’s room around the first part of June, that the
complainant had a “bad reputation for truth and veracity,” and that the complainant
had not shown any changes in personality. The grandmother did not recall that she
had found appellant and the complainant together in appellant’s room and had made
the complainant leave.
Legal Sufficiency of the Evidence
          In his first issue, appellant contends that legally-sufficient evidence supports
neither aggravated sexual assault conviction. A legal sufficiency challenge requires
us to determine whether, after viewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). Under the charge for the first offense, appellant committed aggravated
sexual assault if, on or about July 15, 2001, appellant intentionally or knowingly
caused the penetration of the sexual organ of the complainant by any means, and that
the complainant was younger than fourteen years of age.


 See Tex. Pen. Code Ann.
§ 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2004-2005). Under the charge for the
second offense, appellant committed aggravated sexual assault if, on or about July 15,
2001, he intentionally or knowingly caused the sexual organ of the complainant to
contact or penetrate the mouth of another person, including that of appellant, and that
the complainant was younger than 14 years of age. See Tex. Pen. Code Ann. §
22.021(a)(1)(B)(iii), (2)(B).
          For both convictions, appellant contends that the evidence is legally
insufficient because the complainant’s testimony lacked credibility. Appellant points
out that (1) discrepancies exist as to the date and time when the incident occurred; (2)
the grandparents testified that the bunk beds were moved out of appellant’s room
before the date that the complainant testified the sexual assault occurred; and (3) no
corroborating physical evidence was presented in support of the complainant’s
accusations. Despite appellant’s contention, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to give their testimony under
both legal and factual sufficiency analysis. Jaggers v. State, 125 S.W.3d 661, 672
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all, some,
or none of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986) (stating that jury “could choose to believe or not believe the
witnesses, or any portion of their testimony”). When faced with conflicting evidence,
we presume the trier of fact resolved conflicts in favor of the State. Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
          In his briefs, appellant contends that, “at some point[,] the credibility the [sic]
complainant is so undermined that a reviewing court cannot have confidence in a
verdict supported solely by the complainant’s testimony.” Appellant cites no
authority for this proposition and we know of none. To the contrary, in conducting
a legal-sufficiency review, we do not reevaluate the weight and credibility of the
evidence, but act only to ensure that the jury reached a rational decision. Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (citing Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988)). Moreover, it is recognized that the
testimony of a victim standing alone, even when the victim is a child, is sufficient to
support a conviction for sexual assault. See Jensen v. State, 66 S.W.3d 528, 534
(Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Ruiz v. State, 891 S.W.2d 302,
304 (Tex. App.—San Antonio 1994, pet. ref’d). 
          Viewed in the light most favorable to the jury’s verdict, the evidence shows
that, in July of 2001, appellant performed oral sex on the complainant and then
penetrated her vagina with his finger before she was 14 years old. From this
evidence, a rational jury could have found all the elements of aggravated sexual
assault as charged in each cause. 
          We hold that the evidence is legally sufficient to support the aggravated sexual
assault conviction in each cause.
          We overrule appellant’s first issue.
Factual Sufficiency of the Evidence
          In his second issue, appellant contends that the evidence was factually
insufficient to support the convictions. We begin our factual sufficiency review with
the presumption that the evidence supporting the jury’s verdict is legally sufficient. 
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We view all of the
evidence in a neutral light, and we will set the verdict aside only if the evidence is so
weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence
is so strong that the standard of proof beyond a reasonable doubt could not have been
met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)). In our review, we must
consider the most important evidence that the appellant claims undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Appellant again attacks the complainant’s credibility in support of his factual
sufficiency challenges. 
          Both indictments charged that the complainant was assaulted “on or about July
15, 2001.” Appellant attacks the complainant’s credibility by pointing out that the
complainant testified on cross-examination that the assaults occurred in July 2001,
but also admitted that she had earlier testified that the assaults had occurred in August
2001. Regardless of the discrepancy in the complainant’s testimony regarding the
month, the complainant never wavered on the fact that the assaults occurred during
the summer of 2001, while the bunk beds were still in the appellant’s room. The gist
of the complainant’s testimony on direct examination was that it happened during the
summer of 2001, before school was back in session, and while the bunk bed was in
appellant’s room. When she first revealed the incident to her family, one year later
in a letter to her grandmother, she wrote only that it had happened when the bunk bed
was in appellant’s room, with no further specificity to time. The “on or about”
language in an indictment allows the State to prove a date other than the date alleged,
as long as the date is before the presentment of the indictment and it is within the
applicable statute of limitations. Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim.
App. 1997). Here, there is no dispute that the dates alleged and proven at trial were
before presentment and within the applicable statute of limitations. 
          Appellant contends that the evidence also shows a discrepancy with regard to
the time of day the incident occurred. At trial, the complainant testified that the
incident occurred in the evening. To support his credibility attack, appellant cites the
notes of the complainant’s therapist, which indicate that the incident occurred at
10:30 a.m. However, the therapist testified at trial that the complainant had not told
her that the incident occurred in the morning; rather, the noted time was based on an
assumption that the therapist had made from other information that the complainant
had told her. Therefore, any apparent discrepancy with regard to the time was
clarified by the State at trial.
          Appellant further attacks the complainant’s credibility by pointing out that the
grandparents testified that the bunk beds had been moved out of appellant’s room
before July, which is the month that the complainant testified on cross-examination
that she was sexually assaulted. With regard to this discrepancy, the jury could have
believed either (1) that the grandparents were mistaken as to the date that the bunk
beds were moved or (2) that the complainant was mistaken as to the month the
incident occurred, while still believing the complainant’s testimony that the sexual
assaults occurred during the summer of 2001. 
          Lastly, appellant points out that “[t]here was no physical evidence
corroborating the complainant’s testimony.” Presumably, appellant is referring to the
lack of physical trauma to the complainant one year after the sexual assault. As
mentioned, the State presented medical testimony that physical trauma would not be
expected in a case such as this. And, as stated, the testimony of a child-victim
standing alone is sufficient to support a conviction for sexual assault. Jensen, 66
S.W.3d at 534; Ruiz, 891 S.W.2d at 304. Here, the jury was entitled to believe the
complainant’s version of the events presented at trial. See Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          We conclude that the jury’s verdicts in these cases are not irrational, or clearly
wrong and manifestly unjust, or contrary to evidence so strong that the standard of
proof beyond a reasonable doubt could not have been met. See Escamilla, 143
S.W.3d at 817. We hold that the evidence is factually sufficient to support the
aggravated sexual assault convictions in each cause.
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).