Opinion issued June 8, 2006




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00324-CR




DENNYS OMAR CANIZALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 938289




MEMORANDUM OPINION

          A jury found appellant, Dennys Omar Canizales, guilty of aggravated sexual
assault of a child, and the trial court, pursuant to an agreement between appellant and
the State, assessed punishment at 15 years’ confinement. In two points of error,
appellant contends the evidence is legally and factually insufficient to support his
conviction. We affirm.
BACKGROUND
          The complainant, G.S., was 11 years old when she was sexually assaulted and
13 years old at the time of trial. She testified that in 2002, she lived with her mother,
her brother, and her step-father, Jose Villalobos. Villalobos and appellant were
friends, and G.S. would often go with her parents to appellant’s apartment, where she
would play with appellant’s daughter, Kattia.
          G.S. testified that when she was 9 years old, appellant began touching her
breasts when she came over to visit. He did this several times over a period of several
years. During Thanksgiving of 2002, G.S. was at appellant’s apartment with her
family. G.S. and Kattia went to Kattia’s room to watch television. While Kattia was
asleep, appellant came into the room and locked the door. Appellant took off G.S.’s
pants and underwear and had her sit on his lap. Appellant then put his penis in G.S.’s
female sexual organ. G.S. testified that it hurt, but she did not tell anyone about the
incident.
          On another occasion, a woman who was visiting appellant’s apartment saw
appellant trying to touch G.S. inappropriately. The woman told G.S.’s stepfather,
Villalobos, what she had seen, and Villalobos told G.S.’s mother. In January 2003,
G.S.’s mother asked her about the alleged inappropriate touching, and G.S. denied
that anything had happened. After G.S.’s mother reassured G.S. that she would help
her, G.S. cried and told her mother that appellant had been touching her for a long
time, and that on one occasion, he had “pulled his clothing down and that he had put
his part in her part.”
          G.S.’s mother called the police. G.S. told Officer C. Overstreet that appellant
had touched her numerous times and that he had put his private part in her private
part. Officer Overstreet told G.S.’s mother to take G.S. to the hospital, which she did. 
          Dawn Sanchez, a nurse employed by Hermann Memorial Hospital, testified that
the results of the medical examination were normal. Sanchez explained that she saw
no signs of physical trauma, but that such findings would not be unusual because the
tissue in the genital area is a mucuous membrane that heals quickly. Sanchez testified
that she could not tell from G.S.’s physical condition whether G.S. had been sexually
assaulted.
          Appellant testified on his own behalf at trial and denied sexually assaulting
G.S. Appellant stated that on November 29, 2002, shortly after Thanksgiving, he got
into a fight with G.S.’s stepfather, Villalobos, over Villalobos’s belief that appellant
had stolen something from him. According to appellant, after the fight, Villalobos
told him, “You damn dog, I’m going to lock you up for life, you son-of-a bitch, you
are going to pay for this.”
          Appellant called Villalobos as a hostile witness. Villalobos admitted that he
and appellant had fought, but he testified that the fight occurred in January, not
November, and that, at the time the fight occurred, he had already told people about
the allegations G.S. had made against appellant. Villalobos testified that he did not
make up the charges about appellant molesting G.S. in retaliation for the fight.
SUFFICIENCY OF THE EVIDENCE
Legal Sufficiency
          In his first point of error, appellant challenges the legal sufficiency of the
evidence to support his conviction. In conducting a legal-sufficiency review, we view
the evidence in the light most favorable to the verdict and ask whether any rational
trier of fact could find the essential elements of the crime beyond a reasonable doubt.
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). One commits aggravated
sexual assault of a child if he intentionally or knowingly causes the penetration, by
any means, of the anus or sexual organ of a child who is younger than 14 years of age. 
See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2005).
          Appellant argues that the evidence is legally insufficient because G.S.’s
testimony lacked credibility. However, under both a legal and factual sufficiency
review, the jury is the exclusive judge of the facts, the credibility of the witnesses,
and the weight to be given to the witnesses’ testimony.” Jaggers v. State, 125 S.W.2d
661, 671 (Tex.App.-Houston [1st Dist.] 2003, pet. ref’d). The jury could have
believed all, some, or none of the testimony of G.S. or of any other witness. See
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). G.S. testified that
appellant put his private part in her private part, and, the outcry witness, her mother,
testified that G.S. told her the same story. G.S. also told the investigating police
officer and the nurse who performed the rape kit that appellant had put his private
part in her private part. The testimony of a complainant standing alone, even when
the complainant is a child, is sufficient to support a sexual-assault finding. See Tex.
Code Crim. Proc. Ann. art. 38.07(a) (Vernon Supp. 2005); see also Jensen v. State,
66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating that
testimony alone of child complainant is sufficient to support conviction of sexual
assault); Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet.
ref’d) (same). Appellant points out that the physical examination of G.S. did not
show any physical trauma. However, the nurse who performed the rape kit testified
that the lack of physical trauma was not unusual in a sexual assault because mucous
membranes heal quickly. See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
[Panel Op.] 1978) (concluding evidence of complainant’s testimony alone was legally
sufficient despite lack of physical evidence). 
          From G.S.’s testimony, a rational jury could have found all the elements of
aggravated sexual assault. Accordingly, we hold that the evidence is legally
sufficient to support appellant’s conviction.
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant argues that the evidence is factually
insufficient to prove that he sexually assaulted G.S. In a factual-sufficiency review,
we view all of the evidence in a neutral light, and we will set the verdict aside only
if the evidence is so weak that the verdict is clearly wrong and manifestly unjust or
if the contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim.
App. 004) (citing Zuniga v. State, 144 S.W.3d 477, 481(Tex. Crim. App. 2004)). We
must defer appropriately to the fact-finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481-82. In conducting a factual-sufficiency
review, we must discuss the evidence that, according to the appellant, most
undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          Appellant contends the evidence is factually insufficient because (1) G.S.’s
testimony that the assault took place in the same room where Kattia was sleeping is 
not credible; (2) there was no evidence, physical or otherwise, to corroborate G.S.’s
testimony; and (3) appellant presented a motive for G.S. to lie, i.e., to help her
stepfather, Villalobos, “get back at” appellant for beating Villalobos. Again,
credibility was for the jury to assess and to weigh. See Johnson, 23 S.W.3d at 7. The
jury could have chosen to believe Villalobos, not appellant, when Villalobos testified
that the fight occurred in January, after he learned of the sexual assault allegations
that G.S. had made against appellant. Similarly, the jury could have believed G.S.
when she testified that Kattia was present, but asleep, when the assault took place. 
Finally, we have already noted that physical evidence is not necessary to corroborate
a sexual assault victim’s testimony. See Garcia, 563 S.W.2d at 928. Although the
lack of trauma did not corroborate G.S.’s testimony, neither did it contradict it.
          We have reviewed the entire record in the appropriate light, and we cannot say
that the evidence of guilt either is so weak as to indicate that a manifest injustice has
occurred or is greatly outweighed by contrary evidence. See Zuliani, 97 S.W.3d at
593–94.
          We overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).