NO. 07-09-0077-CR
NO. 07-09-0078-CR
NO. 07-09-0079-CR
NO. 07-09-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 20, 2010
_____

SIDNEY LYNN WEEKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NOS. 4088, 4089, 4090, 4091; HON. DAN MIKE BIRD, PRESIDING
_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Sidney Lynn Weeks (appellant) appeals his four convictions for aggravated sexual assault. Via twelve issues, he contends that the trial court erred in 1) denying his motion for severance, 2) denying his motion to suppress, 3) admitting extraneous evidence, and 4) refusing to charge the jury per art. 38.22 of the Texas Code of Criminal

Procedure.  He also asserts that the evidence was insufficient to support the four convictions.  We affirm.

## *Background*

The circumstances before us involve appellant's repeated sexual assaults upon his stepdaughter while she was between the ages of thirteen and sixteen.  When finally contacted, the police began an investigation into the crimes.  Pursuant thereto, law enforcement officials called appellant and advised him that he was being investigated.  Eventually, a meeting was arranged between appellant and a DPS ranger (Foster); but when same was scheduled via phone, appellant was not advised of his Miranda rights.  Nevertheless, the two did meet in person, and at the meeting, appellant was mirandized before providing the ranger with a statement.  Moreover, during the exchange, the ranger advised appellant that he was subject to punishment anywhere from probation to ninety-nine years in prison and that the district attorney would be told of appellant's cooperation in the investigation if a statement was given.

At trial, the victim testified, as did Foster.  Furthermore, the trial court admitted appellant's written statement, though his oral comments were excluded.  Ultimately, the jury found him guilty of all four charges.

## *Issues One and Six*

We address issues one and six since they are logically connected.  Via issue one, appellant contends that the trial court erred by refusing to sever each count into separate trials.  This allegedly was wrong because the admission of extraneous offenses somehow prejudiced him.  Via his sixth issue, he posits that it was error to admit the extraneous offenses.  We overrule the issues.

Regarding the admission of the extraneous offenses, the latter consisted of instances wherein appellant engaged in "anal and oral" sex with the victim. This should have been excluded, according to appellant. Yet, evidence of extraneous acts involving the accused and the victim may be admissible under art. 38.37 of the Code of Criminal Procedure.[1] Appellant does not explain why that statute is inapplicable. Moreover, the State contends that the instances in question had a bearing on relevant matters such as the state of mind of both appellant and victim and the nature of their prior relationship. The trial court's agreement with the State did not fall outside the zone of reasonable disagreement. *See Hernandez v. State,* 205 S.W.3d 555, 558 (Tex. App.–Amarillo 2006, pet. ref'd) (stating that the standard of review for issues encompassing the admission of evidence is that of abused discretion and discretion is abused when the decision falls outside the zone of reasonable disagreement).

The inappropriate relationship between appellant and his stepdaughter covers several of the youth's teenage years and evinced frequent assaults. As such, it could be viewed as relevant to the relationship between the two and their respective states of mind. The statements could also be viewed as tending to rebuff appellant's attack upon the victim's credibility. He did ask the jury to ponder upon why she waited so long to disclose the supposed misconduct and why it was disclosed during an argument with the assailant's wife (*i.e.* the victim's mother). Implicit therein is the suggestion that maybe the events were fabricated. Admitting appellant's own comments about the

---

[1]According to that provision, "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37, §2 (Vernon Supp. 2009).

3

nature and extent of the sexual activities in which the two engaged would serve to illustrate that the victim did not simply fabricate the incidents. *See Smith v. State*, No. 07-05-0277-CR, 2007 Tex. App. LEXIS 6004 *3-6 (Tex. App.–Amarillo July 30, 2007, pet. dism'd) (not designated for publication) (wherein the court held that it was not error to admit instances of prior sexual activity between the accused and appellant, despite an objection founded on Rule 403, because, among other things, the evidence tended to bolster the victim's credibility).

We further note that it was within the realm of reason to deduce that while reference to "anal and oral" sex may carry with it prejudicial effect, that effect would be no greater than the impact arising from the evidence of appellant engaging in vaginal intercourse with his thirteen-year-old stepdaughter. And, no one can deny that the latter evidence was admissible given the allegations contained in the indictment. So, we cannot say that the trial court abused its discretion in finding the evidence both relevant and admissible despite appellant's Rule 401, 403, and 404(b) objections.[2] *See Hitt v. State*, 53 S.W.3d 697, 704-05 (Tex. App.–Austin 2001, pet. ref'd) (recognizing that, in cases involving the sexual abuse of children, article 38.37, section 2 supersedes the application of Texas Rules of Evidence 402 and 404).

As for the matter of severance, appellant concedes that the causes were properly joined. However, he posits that they should have been severed because their joinder caused him to suffer prejudice. The prejudice, in his view, arose from the State's use of

---

[2]Rule 401 of the Texas Rules of Evidence states: "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401 (Vernon 2003). Rule 403 states: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." And, Rule 404(b) states: "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith . . . ."

the aforementioned evidence of extraneous offenses. How severance would have precluded the State from invoking art. 38.37 went unexplained, however. Indeed, having concluded above that the trial court did not abuse its discretion in admitting the evidence when the causes were joined, we have difficulty understanding why the same evidence would be inadmissible if the causes were tried separately. Nor does appellant address that. So, under the circumstances before us, the trial court cannot be said to have abused its discretion in trying the causes together. *Salazar v. State,* 127 S.W.3d 355, 365 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (noting that the pertinent standard of review is one of abused discretion).

*Issues Two through Five - Admission of Appellant's Confession and the Evidence of the Extraneous Offenses Therein*

Appellant next contends that the trial court erred in admitting his written statement into evidence. This was so, according to him, because the statement 1) was involuntary, and 2) was obtained in a manner that violated due process and article 38 of the Texas Code of Criminal Procedure. We disagree and overrule the issues.

Regarding the issue of voluntariness, appellant suggests his statement was involuntary because it was given in response to the ranger's promise to speak with the district attorney if appellant cooperated and his representation that the crime for which appellant was being investigated could carry a sentence ranging from probation to ninety-nine years in prison. Neither of these grounds was urged at trial as basis for finding his confession less than knowing and voluntary, however. That is, he did not argue that the confession was involuntary because it arose from a promise or representation of the type which would induce someone to speak untruthfully. Therefore, this particular argument was not preserved for review. *Heidelberg v. State,*

5

144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the legal basis of a complaint raised on appeal cannot vary from that raised at trial).

As for due process and article 38 of the Code of Criminal Procedure, both were purportedly violated because appellant was not mirandized prior to undergoing the custodial interview. This is allegedly true even though the ranger actually mirandized appellant before he signed his confession. We find no error.

It is clear that a suspect undergoing custodial interrogation must be warned of his right to remain silent, his right to have legal counsel, his right to have counsel appointed if he is impoverished, and of the potential consequences arising from his refusal to remain silent. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Such warnings are not necessary, though, if the interview occurs outside the realm of custodial interrogation. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The trial court found, after conducting an evidentiary hearing, that the statement at bar was not the product of such an interrogation. And, we find no fault with that determination.

According to the record, the police chief contacted appellant about meeting to review the allegations raised by his stepdaughter. Appellant agreed and appeared at the offices of the Department of Public Safety. There he met with Ranger Foster for one hour and forty-nine minutes. Foster testified that appellant was free to go at any time and that if he left, the ranger would have simply continued his investigation without appellant. So too did the ranger testify that appellant was not denied any basic necessity such as "food, or water, or cigarettes or anything like that." And, once the interviewed ended, appellant left. It may well be that appellant was a suspect in an

6

ongoing investigation. But being a suspect alone does not cause any ensuing interview to rise to the level of custodial interrogation. *Meek v. State*, 790 S.W.2d 618, 621 (Tex. Crim. App. 1990) (citing *Beckwith v. State*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976)); *accord, Samuel v. State*, No. 02-08-341-CR, 2010 Tex. App. LEXIS 1372, *17 (Tex. App.–Fort Worth February 25, 2010, no pet.) (not designated for publication) (stating the same). Moreover, we cannot forget that appellant was actually mirandized before executing his written confession. And, upon receiving those warnings, he not only indicated to the ranger that he understood them but also that he wished to proceed without counsel.

Missing from the record is any evidence of threats. Nor do we have before us evidence of appellant being physically restrained in any manner. And, that Foster informed appellant about the potential range of punishment for the alleged offense and stated he would let the district attorney know that appellant cooperated falls short of evincing psychological coercion. Indeed, appellant himself characterized the representations (in his appellate brief) as "seem[ing] innocuous enough." Furthermore, they could have been reasonably interpreted, by the trial court, as an effort to impress upon appellant the gravity of the situation and as a means of fully informing him of potential ramifications arising from the allegation. In other words, the ranger may have simply been attempting to provide appellant with all the information available to assist him in making an informed choice. And, if placed within that perspective, we cannot say that they alone or in conjunction with the other circumstances then present somehow obligated the trial court to conclude that appellant was neither free to leave nor able to terminate the interview at will.

7

Simply put, the trial court had basis to legitimately conclude that the interview was not tantamount to a custodial interrogation. As stated in *Martinez v. State*, 131 S.W.3d 22 (Tex. App.–San Antonio 2003, no pet.), when the circumstances show that the individual acts upon the invitation or request of the police, and there are no threats, express or implied, that he will be forcibly taken, then that person is not in custody at that time. *Id.* at 32. Those are the indicia here. Thus, the decision to deny suppression of the statement because appellant was not mirandized at the beginning of the interview was not error.

*Issue Eleven – Jury Charge*

Via issue eleven, appellant asserts that the trial court erred by failing to submit a limiting instruction to the jury regarding the purposes for which it could consider the evidence of the aforementioned "anal and oral" sexual acts. We disagree and overrule the issue.

The party opposing effort to admit evidence admissible for a restricted purpose has the burden of requesting a limiting instruction when the evidence is introduced. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). That is, to be effective, such an instruction must be given when the evidence is admitted. *See Rankin v. State*, 974 S.W.2d 707, 712 (Tex. Crim. App. 1996). If it is not, then the information simply becomes part of the general evidence and may be considered by the jury for all purposes. *See Garcia v. State,* 887 S.W.2d 862, 878 (Tex. Crim. App. 1994). We say this since appellant did not request a limiting instruction before, during or immediately after the written confession was offered, admitted into evidence, and read to the jury. Consequently, his statement was admitted for all purposes. *See Hammock v. State*, 46

8

S.W.3d at 895 (holding that when a party fails to ask for a limiting instruction until later in the trial, the evidence is admitted for all purposes); *Jones v. State*, 119 S.W.3d 412, 424 (Tex. App.–Fort Worth 2003, no pet.) (holding that when a party requests a limiting instruction concerning a witness's testimony after the witness testifies, the evidence is admitted for all purposes).

*Issues Seven through Ten – Sufficiency of the Evidence*

In his next four issues, appellant contends that the evidence is both legally and factually insufficient to establish that he had engaged in sexual intercourse with the victim when she was fourteen or younger and seventeen or younger. We overrule each issue for several reasons.

First, the assertion is premised on the exclusion of his confession. Since we overruled the issues attacking the trial court's decision to admit the confession, the foundation of his argument is missing.

Second, within the confession lay appellant's own admission to engaging in sexual intercourse with the child. To this we add the child's own testimony about her age when the two first coupled, *i.e.* thirteen years old. Those activities continued, according to the victim, during the time the family lived in both Quanah and Wichita Falls. So too did appellant's stepdaughter testify that after she left Wichita Falls and returned to Quanah at the age of sixteen, appellant picked her up from work. On the way home, he told her that he would make her get out of the car and walk if she did not have sex with him. She complied with the demand, according to the girl.

It is well settled that "[t]he testimony of a victim [,] standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault." *Ruiz v. State*,

9

891 S.W.2d 302, 304 (Tex. App.–San Antonio 1994, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130 (Tex.Crim.App.1990)). Here, the child's own words coupled with appellant's confession constituted some evidence from which the jury could rationally deduce beyond reasonable doubt that the victim was fourteen and under when the sexual activity began and continued while she was between the ages of fifteen and seventeen. Moreover, such a conclusion would not be supported by weak evidence, or overwhelmed by contrary evidence, or manifestly unjust.

*Issue Twelve – Jury Instruction Pursuant to Art. 38.22*

Via his last issue, appellant posits that he was entitled to a charge per art. 38.22, §7 of the Texas Code of Criminal Procedure and that the trial court erred in refusing it to him. We overrule the issue.

Per the aforementioned statute, when question regarding the legality by which evidence is obtained "is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement." TEX. CODE CRIM. PROC. ANN. art. 38.22, §7 (Vernon 2005). If no such evidence (irrespective of whether it is strong, weak, contradicted, impeached or unbelievable) exists, then it is not error to omit such an instruction. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App.1993). By evidence, it is meant evidence creating a fact issue encompassing the manner in which the proof was secured. *See Madden v. State,* 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). If no such fact issue exists, then an instruction need not be given. *Id.*

According to appellant, there existed a fact issue as to whether he was in custody or whether he underwent a custodial interrogation when providing his statement. Yet, we are cited to nothing of record illustrating that the factual

10

circumstances from which his statement arose were in dispute or otherwise contradicted. Nor did we find any such evidence. Instead, it appears that appellant simply wanted the jury to have the opportunity to apply the test for what constitutes a custodial interrogation to the undisputed evidence. That falls outside the scope of art. 38.22. *See Madden v. State,* 242 S.W.3d at 511-13.

Having overruled each issue, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice

Do not publish.

11