Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00719-CR

Edward H. **ESPARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR7270
Honorable Mary D. Román, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  June 1, 2011

AFFIRMED

A jury found appellant guilty on six counts of aggravated sexual assault of a child and four counts of indecency with a child by sexual contact. The jury assessed punishment at twelve years' confinement. In a single issue on appeal, appellant asserts the evidence is legally insufficient to support the verdict. We affirm.

**DISCUSSION**

Appellant advances three arguments for why the evidence is legally insufficient: (1) the complainant ("MD") did not tell a psychiatrist she saw during the time period in which the abuse occurred about the abuse, (2) MD's "stories" about the abuse to her friends were "so preposterous and exaggerated as to call her entire testimony into question," and (3) all the abuse occurred in a single room that MD "could easily have avoided, in a mid-sized house where others were present and no one noticed." Appellant's arguments ask this court to re-evaluate the weight and credibility of the evidence; something we cannot do. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ("Under a legal sufficiency review, 'our role is not to become a thirteenth juror. This Court may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder.'"). Instead, we ask whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899, 902 (Tex. Crim. App. 2010) (citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Viewing the evidence 'in the light most favorable to the verdict' under a legal-sufficiency standard means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Here, MD was twelve years old at the time of trial, but she testified about events that occurred several years earlier. MD testified the abuse occurred frequently, starting when she was six years old and ending when she was ten years old. She described how appellant, her father's uncle, touched her and inserted his finger inside her. Appellant, who testified on his own behalf, denied all allegations against him. Although this case involved MD's word against that of

appellant, it was the jury's prerogative to draw reasonable inferences from the evidence and to judge the credibility of the witnesses and the weight to be given to their testimony. *See Ruiz v. State*, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref'd) ("The testimony of a victim standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault.").

## CONCLUSION

After considering all the evidence in the light most favorable to the verdict, we conclude a jury was rationally justified in finding guilt beyond a reasonable doubt. Therefore, we overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish