Opinion issued November 9, 2006
 
 
 
 
 
 
 



     
 
 
 
 
 
In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00080-CR
 

 
 
JOHN WILLIS MCCOY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1011478
 

 
 
MEMORANDUM OPINION
           Appellant, John Willis McCoy, pleaded not guilty to the offense of sexual
assault of a child.


 The jury found appellant guilty as charged, found an enhancement
paragraph alleging a prior felony conviction true, and assessed punishment at 25 years’
confinement. In his sole point of error, appellant contends the evidence is factually
insufficient to support his conviction. We affirm.
BACKGROUND
           During the Christmas holidays of 2004, D.R., the 15-year-old complainant, was
staying with her aunt, Erica Smith. Also staying in the apartment were D.R.’s younger
sister, Courtney, several cousins, and appellant, who lived with Erica and was the
father of two of her young children. D.R. referred to appellant as “Uncle John.”
           Around 11 p.m. on December 28th, D.R. entered the apartment after spending
time outside with her boyfriend, Kenneth, who lived nearby in the same apartment
complex. D.R. lay on the sofa while talking to Kenneth on the telephone. Her sister,
Courtney, and cousin, Roshanda, were on the floor nearby playing video games. D.R.
was wearing a “club dress,” which she wore for sleeping because she knew she could
not wear it outside, and was covered with a blanket.
           Appellant came in the room and sat down on the sofa next to D.R., who
continued to talk on the telephone. He watched the other girls play video games and
waited to use the telephone. D.R. gave appellant the telephone and he went outside to
make a call. He soon returned and once again sat on the sofa near D.R.’s feet. D.R.
moved her feet to make room for him, and then drifted off to sleep. Soon D.R. woke
up after she felt appellant’s hand on her leg in the area of her vagina. She scooted
further up on the sofa because she thought that appellant had brushed her leg while
adjusting the blanket. D.R. drifted off to sleep again and awoke when appellant
inserted his fingers into her vagina and twisted them around. D.R. began quietly
sobbing, but her sister and cousin, who were still playing the video game, could not
hear her. Appellant continued to touch D.R.’s vagina for about five to 10 minutes
before he got up and went outside.
           After appellant went outside, D.R. attempted to call her boyfriend, but he did not
answer the telephone. Courtney noticed that D.R. was upset and asked her, “[W]hat’s
wrong with you?” D.R. replied that nothing was wrong, and she went down the
hallway to the bedroom in which her four young cousins were sleeping. D.R. lay down
on the bed with her cousins and curled into a ball. Appellant came in the room, lay
down next to D.R, and began rocking her while saying, “I’m sorry.” At one point, one
of D.R.’s younger cousins woke up, but appellant told her to go back to sleep.
           D.R. got up and went down the hall toward her aunt’s bedroom. Appellant
followed her, grabbed her, and both of them fell against a door. Courtney and
Roshanda heard the struggle and came to see what was happening. They saw appellant
with his arms around D.R., who was crying and struggling to get away. Roshanda and
Courtney testified that they heard appellant telling D.R. that he was sorry. D.R. broke
free from appellant and fled the apartment.
           D.R. went to Kenneth’s apartment, where she told Kenneth, his mother, and
Courtney, who had since arrived at Kenneth’s apartment, what appellant had done to
her. D.R. was extremely upset and went to get a knife because she was scared. D.R.
called the police from Kenneth’s apartment. Appellant followed D.R. to Kenneth’s
apartment, but she would not let him inside.
           Courtney eventually convinced D.R. to return to her aunt’s apartment, where she
told her aunt what appellant had done to her. The police arrived later and arrested
appellant.
           The next day, D.R. went to the Children’s Assessment Center, where she was
examined by Dr. Erin Endom. Dr. Endom discovered, and photographed, a linear
abrasion right behind the opening of D.R.’s vagina. Dr. Endom testified that this
abrasion was consistent with a fingernail scratch.
FACTUAL SUFFICIENCY
           In his sole point of error, appellant argues that the evidence is factually
insufficient to prove that he committed a sexual assault of D.R. When conducting a
factual-sufficiency review, we view all of the evidence in a neutral light. Cain v. State,
958 S.W. 2d 404, 408 (Tex. Crim. App. 1997). We will set the verdict aside only if
(1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence. Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson,
we cannot conclude that a conviction is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, No. PD–469–05, 2006 WL 2956272, at *10 (Tex.
Crim. App. Oct. 18, 2006). Under the second prong of Johnson, we must be able to
say, with some objective basis in the record, that the great weight and preponderance
of the evidence contradicts the jury’s verdict. Id. In conducting a factual-sufficiency
review, we must also discuss the evidence that, according to the appellant, most
undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003). We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958, S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.
           Essentially, appellant contends that the evidence is factually insufficient because
the testimony of the child complainant was not credible. Specifically, appellant points
out that (1) D.R. was not a virgin and had last had sexual relations one month before
the alleged assault, (2) despite the linear abrasion, there was no swelling or bruising
of D.R.’s vaginal area, (3) D.R. was with her boyfriend the entire day, (4) D.R. was
wearing a “club dress,” with no underwear, which she must have been wearing all day
while out with Kenneth, (5) Courtney and Roshanda, who were sitting nearby did not
notice anything happening between D.R. and appellant, (6) D.R. did not do anything
after she first felt a hand near her vagina, (7) D.R. made no effort to get off the sofa
after she felt appellant touching her, (8) D.R. did not seek help from her cousins or
aunt, but, instead ran to her boyfriend’s nearby apartment, (9) D.R. and the other
children were unsupervised the entire day, (10) no police officer testified about
collecting evidence or taking witness statements, (11) there was no expert evidence to
suggest that D.R. was a victim of sexual abuse, and (12) there was no DNA evidence
collected from appellant’s hands.
           Under both a legal and factual sufficiency review, “the jury is the exclusive
judge of the facts, the credibility of the witnesses, and the weight to be given to the
witnesses’ testimony.” Jaggers v. State, 125 S.W.3d 661, 672 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). The jury could have believed all, some, or none of the
girl’s or any other witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). Credibility is for the jury to assess and to weigh. See Johnson, 23
S.W.3d at 8. The testimony of a complainant standing alone, even when the
complainant is a child, is sufficient to support a sexual-assault finding. See Tex. Code
Crim. Proc. Ann. art. 38.07 (Vernon 2003); see also Jensen v. State, 66 S.W.3d 528,
534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating that testimony of child
complainant alone sufficient to support conviction of sexual assault); Ruiz v. State, 891
S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref’d) (same). Physical evidence
is not necessary to corroborate a sexual assault victim’s testimony. See Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) (concluding evidence of
complainant’s testimony alone was legally sufficient despite lack of physical
evidence).
           The State was required to prove beyond a reasonable doubt that appellant
intentionally or knowingly caused the penetration of the sexual organ of D.R., a child
under the age of 17 and not appellant’s spouse, by appellant’s fingers. See Tex. Pen.
Code Ann. § 22.011(a)(2)(A), (c)(1) (Vernon 2005).
           In this case, D.R. testified that appellant put his fingers in her vagina and twisted
them around. Even though D.R. did not react by screaming or telling appellant to stop,
there was evidence that she was extremely upset. Her sister saw her “sniffling” and
asked her what was wrong. Both Roshanda and Courtney later saw appellant holding
D.R. in the hall. D.R. was crying and appellant was saying that he was sorry.
           Even though D.R. had spent the day with her boyfriend, there is nothing to
suggest, as appellant so attempts, that the linear scratch near D.R.’s vagina was caused
by contact with her boyfriend. The medical records showed that D.R.’s last sexual
contact had occurred over one month before. Similarly, there is nothing to suggest that
D.R. was wearing the “club dress” with no underwear while she was out with Kenneth. 
To the contrary, D.R. testified that she wore the dress only to sleep in.
           Dr. Endom testified that the linear abrasion near appellant’s vagina was
“suggestive” of a fingernail scratch. Dr. Endom also testified that these physical
findings were consistent with what D.R. told her had happened. 
           The jury made the determination that D.R.’s and the other witnesses’ testimony
was credible. We have reviewed the entire record in the appropriate light, and we
cannot say that the evidence of guilt is either so weak that the verdict is clearly wrong
and manifestly unjust, or that the verdict is against the great weight and preponderance
of the evidence. See Johnson, 23 S.W.3d at 11.
CONCLUSION
           We overrule appellant’s sole point of error.
           We affirm the judgment.
 
 
                                                                  Sherry Radack
                                                                  Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).